UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD J. SIPOCZ, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:19CV109 |
| UNITED STATES OF AMERICA, | ) |
|     Defendant. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, United States of America ("United States"), by its attorneys, Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, through Deborah M. Leonard, Assistant United States Attorney, and Lauren Waxler, Assistant United States Attorney, for said District, answers Plaintiff's Complaint for Damages in a Civil Case as follows:

## PARTIES

1.   Richard J. Sipocz is a citizen of Fort Wayne, Indiana.

**ANSWER:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 1 and therefore denies same.

2. The Defendant is the United States of America. At all times relevant hereto, the United States acted through its agency, the Department of Veterans Affairs ("VA"), its subdivision, the Veterans Health Administration ("VHA"), and the employees of those agencies.

**ANSWER:** Admit.

3. At all times relevant hereto, the Defendant employed a podiatrist, Dr. Bradley R. Hammersley ("Dr. Hammersley"), to provide podiatric medical care and treatment at the Veterans Administration Northern Indiana Health Care System ("VANIHCS") in Fort Wayne, Indiana and Marion, Indiana.

**ANSWER:** Admit.

4. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant.

**ANSWER:** Admit.

## JURISDICTION AND VENUE

5. Because the United States is the Defendant in this case, this Court has jurisdiction under 28 U.S.C. §1346.

**ANSWER:** Admit.

6. The United States has waived its sovereign immunity pursuant to 5 U.S.C. §702.

**ANSWER:** Deny.

7. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant and was an "employee of the government" as defined by 28 U.S.C. §2671.

**ANSWER:** Admit.

8. Because Dr. Hammersley was acting within the scope and course of his employment as an "employee of the government" at all times relevant hereto, the Defendant is not entitled to the "Independent Contractor Exception," pursuant to *Edison v. United States*, 822 F.3d 510, 2016.

**ANSWER:** Paragraph 8 states a legal conclusion to which no answer is required, to the extent an answer is required, the United States denies the allegations in paragraph 8.

9. Because Dr. Hammersley was an "employee of the government" at all times relevant hereto, the Defendant is not entitled to dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**ANSWER:** Paragraph 9 states a legal conclusion to which no answer is required, to the extent an answer is required, the United States denies the allegations in paragraph 9.

10. Pursuant to 28 U.S.C. §1391(e)(1), venue is proper within the Northern District of Indiana Fort Wayne Division because the events or omissions giving rise to this action occurred in this District.

**ANSWER:** The United States admits that venue is proper, but denies that the events or omissions giving rise to this action occurred.

11. Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. §2675(a).

**ANSWER:** Admit.

12. Pursuant to 28 U.S.C. §2675(a), Plaintiff submitted a Standard Form 95 ("SF95") to the Veterans Administration on or about April 25, 2018 detailing his claim against the Defendant.

**ANSWER:** Admit.

13. On September 27, 2018, the VA sent Plaintiff a letter indicating that his claim was denied because the "tort claim is barred unless it is presented within two years after the claim accrues, as provided in section 2401(b), title 28, United States Code (U.S.C.)."

**ANSWER:** Admit.

14. Pursuant to 28 U.S.C. §2401(b), Plaintiff files this action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

**ANSWER:** Admit.

15. Plaintiff first learned that the care provided to him by Dr. Hammersley was malpractice when he met with VA administrators on February 23, 2018.

**ANSWER:** Deny.

16. Plaintiff could not have learned that the acts and/or omissions by Dr. Hammersley were malpractice until he met with the VA administrators on February 23, 2018.

**ANSWER:** Deny.

17. There is a class-action lawsuit (*Colombini et al. v. United States*) pending before this Court to determine whether plaintiffs similarly situated with Colombini can move forward with their malpractice claims.

**ANSWER:** Deny.

18. Sipocz currently is not a plaintiff in the aforementioned class-action suit.

**ANSWER:** Admit.

19. If this Court approves the addition of Richard J. Sipocz to the aforementioned class-action suit, Plaintiff respectfully requests that this action be continued until the superseding action has been resolved.

**ANSWER:** Paragraph 19 is a request for relief to which no response is required and to the extent a response is required the United States asserts that there is no pending class action suit to resolve.

20. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been satisfied.

**ANSWER:** Admit.

## STATEMENT OF CLAIM

21. Plaintiff presented to Dr. Hammersley on October 27, 2014 for right ankle pain.

**ANSWER:** Admit.

22. During his examination on October 27, 2014, and after having reviewed and interpreted a prior CT scan, Dr. Hammersley diagnosed the patient with talar fracture and ankle joint derangement and pain and planned for surgical correction.

**ANSWER:** The United States admits that on October 27, 2014, Dr. Hammersley diagnosed the patient with talar fracture and ankle joint derangement and pain, planned for surgical correction, and noted that the CT scan confirmed fracture of talus and degenerative ostochondritis, but denies remaining allegations.

23. On March 13, 2015, Plaintiff consented for an open management of Talar Dome Lesion and ankle ligament reconstruction with graft.

**ANSWER:** Admit.

24. On March 13, 2015, Dr. Hammersley performed a medial malleolar osteotomy with microfracture technique and graft of the talar dome ankle, repair of tibialis posterior tendon, and, in addition, attempted to implant an Arthrex Tightrope.

**ANSWER:** Admit.

25. During the March 13, 2015 surgery, Dr. Hammersley cut Plaintiff's tibialis posterior tendon that he had repaired during surgery.

**ANSWER:** The United States admits that during the March 13, 2015 surgery, Dr. Hammersley cut a portion of Plaintiff's tibialis posterior tendon that was then repaired, but denies remaining allegations.

26. Dr. Hammersley did a second surgery on May 20, 2015 to repair the anterior talofibular ligament and place the tightrope to repair the syndemosis ligament of the right ankle.

**ANSWER:** Admit.

27. According to the Institutional Disclosure of Adverse Event ("Disclosure") from the VA dated March 5, 2018 (attached hereto as Exhibit 1), Dr. Hammersley committed malpractice by failing to properly diagnose and

7

treat Plaintiff by performing surgery that the diagnostic tests did not support, by incorrectly performing the surgical procedure done, by failing to order appropriate pre-operative imaging, and by causing further damage during surgery requiring a second surgery.

**ANSWER:** The United States admits that the March 5, 2018 Disclosure Statement alleges that there was no talar fracture noted in the CT scan, no imaging to suggest soft tissue needed repaired, and no physical exam or MRI to suggest that the syndesmosis or other ligament needed repair, that Dr. Hammersley attempted, but was unable to apply a tightrope during surgery, that Dr. Hammersley failed to correctly work-up the Veteran's ankle pain and did not order a new set of ankle x-rays or an MRI, and that Dr. Hammersley accidently cut the tibialis posterior tendon, but denies the remaining allegations of Paragraph 27.

28. On February 23, 2018, Plaintiff was notified by VA administrators that Plaintiff was the victim of malpractice at the hands of Dr. Hammersley and that Plaintiff had the right to file a claim against the VA.

**ANSWER:** The United States admits that on February 23, 2018, Mr. Sipocz was told he had a right to file claim against the VA, but denies the remaining allegations in paragraph 28.

29. In the March 5, 2018 Disclosure, the VA admitted that Dr. Hammersley committed malpractice in connection with his care and treatment of Plaintiff.

**ANSWER:** Deny.

30. As a direct and proximate result of the Defendant's negligence, Sipocz has continued pain in his right ankle, required(s) additional surgery, has instability, difficulty walking due to pain and swelling.

**ANSWER:** Deny.

31. As a direct and proximate result of the Defendant's negligence, Plaintiff has experienced a loss in quality and enjoyment of life.

**ANSWER:** Deny.

32. Plaintiff is seeking the applicable elements/categories of damages as set forth in Indiana Model Civil Jury Instructions ("IMCJI") 703.

**ANSWER:** Paragraph 32 is a request for relief for which no response is required but, to the extent a response is required, the United States denies that Plaintiff is entitled to any damages.

## GENERAL DENIAL

The United States denies each and every allegation requiring an answer not heretofore admitted or denied.

## **AFFIRMATIVE DEFENSES**

1. The Indiana doctrine of contributory negligence applies to eliminate any recovery against the United States.

WHEREFORE, having fully answered Plaintiff's complaint, the United States respectfully prays that Plaintiff take nothing by his complaint and for such further relief as is just and proper.

Respectfully submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

By: /s/ *Deborah M. Leonard*
Deborah M. Leonard
Assistant United States Attorney
Northern District of Indiana
1300 South Harrison Street, Room 3128
Fort Wayne, IN 46802-3489
Telephone: (260) 422-2595
Fax: (260) 426-1616
Email: deborah.leonard@usdoj.gov

By: /s/ *Lauren Waxler*
Lauren Waxler
Assistant United States Attorney
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
Telephone: (219) 937-5500
Fax: (219) 852-2770
Email: lauren.waxler@usdoj.gov